**UNITED STATES of America,
Plaintiff/Appellee,**

v.

**Donald A. HILL, Defendant/Appellant.**

**No. 82–1199.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 7, 1983.

Decided Nov. 7, 1983.

Terree A. Bowers, Los Angeles, Cal., for plaintiff/appellee.

Yolanda Orozco, Los Angeles, Cal., for defendant/appellant.

Before FLETCHER and NELSON, Circuit Judges, and HARDY,* District Judge.

NELSON, Circuit Judge:

Hill appeals from the denial of a motion to correct an illegal sentence under Federal Rule of Criminal Procedure 35(a). In 1981, the district court found that Hill had violated his probation in 1974, and ordered a new prison term and modified conditions of probation. We hold that the district court lacked jurisdiction to take these actions because of an extended and unjustified delay between the issuance of the arrest warrant for the probation violation and its execution. We reverse the denial of the motion to correct an illegal sentence and vacate the order of prison and probation.

---

* Hon. Charles L. Hardy, United States District Judge for the District of Arizona, sitting by designation.

## I. FACTS AND PROCEDURAL BACKGROUND

On October 22, 1974, Hill pled guilty to a charge of false personation in violation of 18 U.S.C. § 914 (1976). The court sentenced Hill to the custody of the Attorney General for three years with all but twenty days of the sentence suspended. Hill was ordered to serve the twenty days on consecutive weekends and was placed on probation for three years.

Hill began serving the weekend sentence on November 2, 1974. On November 24, 1974, after arriving late at the jail, Hill was not permitted to serve his weekend sentence. On January 23, 1975, the probation officer filed a report recommending that a bench warrant be issued. On January 30, 1975, the court issued an Order to Show Cause, which would ordinarily be accompanied by an arrest warrant. Hill was not aware of these proceedings.

The arrest warrant was not issued until March 21, 1979, more than four years later. No direct action was taken to execute the warrant until approximately November 5, 1981, more than two and one-half years after the warrant was issued. The government admits that the probation office knew where to reach Hill throughout this period.

A bail hearing and a preliminary probation revocation hearing were held on November 16, 1981. At that hearing, the district court concluded that Hill had violated his probation, and ordered Hill to serve twenty days in prison and to devote 1200 hours to a charitable organization or cause. The court also imposed a new probationary term of five years.[1] This order was filed on November 18, 1981.

On February 1, 1982, Hill filed a motion to correct his sentence pursuant to Federal Rule of Criminal Procedure 35(a). This motion was denied, and Hill brings this appeal.

## II. ISSUE

Did a timely issued warrant for a probation violation extend the district court's jur-

isdiction despite the fact that no efforts were made to execute the warrant when the probationer was readily available?

We review the district court's assumption of jurisdiction *de novo* as a question of law. *See United States v. Rodriguez,* 682 F.2d 827, 828–29 (9th Cir.1982) (by implication).

## IV. DISCUSSION

■ A sentencing court may issue a warrant for the arrest of a probation violator at any time within five years of the beginning of the probation period. 18 U.S.C. §§ 3651, 3653 (1976 & Supp. III 1979). The warrant may be executed by the probation officer or by the United States Marshal. *Id.* § 3653. After arrest, the probationer must be taken before the sentencing court "[a]s speedily as possible." *Id.* At that time, the court may revoke the probation and impose any lesser sentence, including probation. *Id.; Nicholas v. United States,* 527 F.2d 1160, 1162 (9th Cir.1976).

■ If the warrant is not issued within the five-year period, the court loses jurisdiction over the violation. *United States v. Rodriguez,* 682 F.2d at 828–29. The issuance of a warrant may extend jurisdiction beyond that time. *Nicholas v. United States,* 527 F.2d at 1161.

■ The United States argues that jurisdiction may extend indefinitely once a valid warrant is issued. We disagree. The issuance of a warrant may preserve the court's jurisdiction if a probationer is imprisoned for another offense or voluntarily absents himself from the jurisdiction. *Wickham v. United States,* 618 F.2d 1307, 1309–10 (9th Cir.1979) (defendant unavailable because imprisoned in another state); *Nicholas,* 527 F.2d at 1161–62 (defendant absent from jurisdiction). Execution of the warrant may also "await the outcome of pending criminal charges ... without amounting to an unreasonable delay." *Barr v. Parker,* 453 F.2d 865, 867 (9th Cir.

---

**1.** The government concedes that an additional five years of probation would have caused Hill's total probation to exceed the period al-

lowed under 18 U.S.C. § 3651 (1976 & Supp. III 1979).

1971) (parole violation). In these cases, the probationer's own conduct caused the delay between issuance and execution of the warrant. But as the court stated in *United States v. Gernie,* 228 F.Supp. 329 (S.D.N.Y. 1964), "The warrant extends the jurisdiction of the court beyond the otherwise applicable time limit, but it does so for the sole purpose of affording the authorities an opportunity to apprehend the probationer." *Id.* at 337. If we adopted the government's position, a warrant issued *ex parte* could be held against an unknowing probationer indefinitely, and executed at any time for reasons unrelated to the original violation.

Many courts have recognized limits on the period within which a warrant for a probationer's arrest may be executed. This circuit has taken the position that a warrant for arrest based on a probation or parole violation should be executed within a reasonable time after issuance. *See Nicholas,* 527 F.2d at 1161–62; *McCowan v. Nelson,* 436 F.2d 758, 760 (9th Cir.1970). In *Greene v. Michigan Department of Corrections,* 315 F.2d 546 (6th Cir.1963), the Sixth Circuit remanded a judgment of parole violation for a determination whether the parole board proceeded with reasonable diligence to issue and execute the warrant on the grounds that "[f]ailure to do so may result in a waiver of the violation and loss of jurisdiction." *Id.* at 547. We agree that the mere issuance of a warrant does not indefinitely extend the sentencing court's jurisdiction over a probation violation. A court must examine all the circumstances of the case to determine whether the warrant was executed within a reasonable time.

In this case, the warrant remained outstanding for more than two and one-half years before it was executed. The United States does not present any justification for its failure to execute the warrant, nor is any apparent in the record. We find that this delay was unreasonable, and we hold that the district court lost jurisdiction to proceed on Hill's probation violation. Hill did not contribute to this delay. Although the probation office knew his address and would easily have located him, no effort

was ever made to serve him with the warrant. When he learned of its existence, he promptly surrendered himself.

The denial of Hill's motion to correct an illegal sentence is reversed, and the district court's order of November 18, 1981 is vacated.