[Crim. No. 44525. Second Dist., Div. Four. July 10, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
DANNY JAMES TOWE, Defendant and Appellant.

**COUNSEL**

Frank O. Bell, Jr., State Public Defender, under appointment by the Court of Appeal, Nancy Ann Stoner, Deputy State Public Defender, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Norman H. Sokolow and John R. Gorey, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

MUÑOŻ, J.*—In this case, we decide that a probationer may not force the courts of this state to play "judicial hide and seek." Here appellant, Danny James Towe, absconded for two years and, when finally caught, he tried to claim family problems were the reason for his failure to report to the probation officer. On this appeal, he argues he is entitled to his release because: (1) he was in the area, and (2) he was denied due process when arrested two years later since the probation officer did not look for him at the time. We affirm the judgment denying further probation and sentencing him to state prison.

In 1978 appellant was arrested and charged with five separate counts involving narcotics—two counts of transporting, selling, and furnishing cocaine and marijuana (Health & Saf. Code, §§ 11352, 11360, subd. (a)), one

*Assigned by the Chairperson of the Judicial Council.

count of possession of marijuana for sale (Health & Saf. Code, § 11359, subd. (a)), and one count each of possession of amphetamine (Health & Saf. Code, § 11377, subd. (a)) and L.S.D. (Health & Saf. Code, § 11377, subd. (a)).

On April 24, 1978, appellant was allowed to plead nolo contendere to the first count which alleged he had transported, sold, or furnished cocaine. In talking to the probation officer, appellant predictably stated he had pled guilty because his lawyer advised him to do so, but he denied being guilty of the charge. The probation officer's reaction to appellant was summarized as ". . . Mr. Towe will continue to do as he pleases, regardless of society's laws." Nonetheless, a grant of probation was recommended and in June, 1978, appellant was placed on probation conditioned upon his serving the first 90 days in custody.

About six months later in December, 1978, appellant sought and was granted a modification of probation conditions so that he could have narcotics paraphernalia in his possession because he wanted to open a retail store. Less than a month later, the court reconsidered, and the order modifying probation was vacated. Appellant apparently complied with probation for the next year or so but starting in July, 1980, he only reported one time in eight months. A probation violation hearing was then scheduled, and when appellant appeared, probation was revoked, then reinstated upon further condition appellant serve 10 weekends in the county jail commencing April 10, 1981. Appellant then sought and was granted a further modification of probation which permitted him to commence the weekends starting April 17, 1981. Appellant then proceeded to serve one weekend before he again violated probation by failing to appear to serve the balance of his weekends. A bench warrant was then issued on April 30, 1981.

On February 16, 1983, appellant was picked up pursuant to the bench warrant after being arrested on other charges and was brought to court. At that time, a hearing was scheduled on March 15, 1983, bail was set, and appellant was ordered to report to the probation officer immediately upon his release. He did not report to the probation officer, and the matter was continued to yet another date. The probation report, prepared for the hearing, indicated appellant had been arrested on the bench warrant after he and his wife had been arrested for possession for sale of marijuana and cocaine.

On April 8, 1983, a probation hearing was held and following the hearing appellant was sentenced to state prison for the low base term of three years.

 On this appeal, appellant argues that he was denied due process of law due to the probation officer's failure to try to locate him after the probation officer found out appellant had not finished serving the weekends.

He relies on federal cases which have held that a probationer can be denied due process of law if the authorities do not act in a prompt manner on probation revocations. (See *United States* v. *Hill* (1983) 719 F.2d 1402, 1405; *McCowan* v. *Nelson* (1970) 436 F.2d 758.)

In *United States* v. *Hill, supra,* 719 F.2d 1402, upon which appellant places most of his reliance, Hill was sentenced to serve 20 days on consecutive weekends as a condition of his probation. He served two weekends and, in November, 1974, when Hill was late for the third weekend, he was not allowed to enter the jail. The trial court was notified, and in January, 1975, the matter was set for an order to show cause. However, no arrest warrant was issued until 1979. In November, 1981, about seven years after Hill had missed the weekend and more than two and one-half years after the warrant was issued, Hill was arrested. Even then it was only because he had promptly turned himself in when he found there was a warrant out for his arrest. During all of the seven years, the probation officer knew where to locate Hill. To compound the problem, the trial court at the probation violation hearing ordered Hill to serve the original 20 days and further ordered he perform an additional 1,200 hours of community service. Under these unusual set of facts, the Ninth Circuit held that even though the trial court had issued the arrest warrant within five years as required by federal statute, the government had unreasonably delayed issuing the warrant.

Here, appellant argues he falls within the rationale of *Hill* and like Hill, he is entitled to be released. He argues that the evidence at the probation violation hearing shows he was *usually* at his mother's address which was known by the probation officer. He further argues the evidence shows the probation office does not attempt to locate a probationer once an arrest warrant is issued. At that point, it is left to the sheriff or police to find the probationer even though the probation officer may have a current address. What appellant fails to state, however, is that last time he deserted probation, he had just been sentenced to 20 days for an earlier desertion. Thus, it had recently been brought to his attention that he had to report to his probation officer. Moreover, as appellant told the probation officer, he was living "back and forth" with his in-laws and his parents and then he moved to Burbank. Finally, at the violation hearing, appellant was asked why he didn't ". . . [c]all the Judge or the court or the probation officer or somebody to surrender yourself? You knew there was an outstanding bench warrant, didn't you?" His answer was that he was afraid. The answer carried with it the implication that he knew the authorities were looking for him. Thus, it was obvious he was not misled regarding his probationary status.

Considering appellant's past conduct on probation, there was no reason for the trial court to believe that he was as readily accessible as he would

now have this court believe. It was he, not the court, who decided he would not serve the weekends and not report to the probation officer. Moreover, if we accept appellant's argument, then it is he, not the court, who determines the conditions of probation. However, Penal Code section 1203 and the following sections make it clear that the courts, not the probationers, determine who is to be released upon probation and upon what conditions. ▮ What appellant forgets is that probation is an act of clemency in the discretion of the trial court. (*People* v. *Phillips* (1977) 76 Cal.App.3d 207, 213 [142 Cal.Rptr. 658].)

▮ Here, appellant did exactly what the original probation officer had forecast at the time of sentencing. He continued to do as he pleased, regardless of society's laws. He cannot now complain if the court, having exercised clemency in 1981 by giving him the 10 weekends over the prosecutor's objections, has now concluded that: "It's just an absolute waste of time placing Mr. Towe on probation, again, and for that reason probation will be denied." Once the court determined appellant would not follow the terms of probation, it had no real choice but to sentence appellant to state prison. (Pen. Code, § 1203.2, subd. (c).)

The judgment is affirmed.

Woods, P. J., and Kingsley, J., concurred.