UNITED STATES of America,
Plaintiff-Appellee,

v.

Patrick Anthony RIGGANS,
Defendant-Appellant.

No. 82–1101.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 1, 1984.

Decided Nov. 7, 1984.

Julia Barash, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Randy Sue Pollock, Deputy Federal Public Defender, Los Angeles, Cal., for defendant-appellant.

* Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting

Before GOODWIN and WALLACE, Circuit Judges, and EAST,* Senior District Judge.

PER CURIAM.

Following an en banc determination that the district court could not impose an adult sentence upon a youth offender who had violated probation under 18 U.S.C. § 5010(b) and § 5017(c), without conviction of another offense, this case was returned to this panel to consider a due process claim that was not passed upon by the en banc court. *United States v. Won Cho*, 730 F.2d 1260, 1275, n. 22 (9th Cir.1984).

The so-called due process claim arises in this case from the delay between the issuance of a bench warrant for the violation of Riggans' YCA probation and the execution of that warrant some four years later. When Riggans finally appeared in response to the warrant, he was no longer the same youth that had been before the court four years earlier, and the court sentenced him to three years as an adult. The ensuing appeal vacated that sentence. Upon remand, the district court sentenced Riggans to the custody of the Attorney General as a "youth" pursuant to 18 U.S.C. § 5010(b).

Riggans now contends that by waiting nearly four years after he violated his youth corrections probation before returning him to custody, the government has deprived him of his liberty in violation of due process of law. Riggans does not identify the process due him that was not afforded him but contends that delay alone denied due process. He argues that the delay was the fault of the government rather than of his own confection.

The government does not assert that Riggans was a fugitive and admits that he continued to reside at the place shown on his probation records for some time after

by designation.

the bench warrant was issued; and admits that when he changed his address he filed a change of address notice with the post office. The government points out, however, that the terms of Riggans' probation carried at all times a continuing duty to contact his probation officer, not the other way around, and that the failure or inability of the marshal's office to execute the warrant did not excuse Riggans from his duty to report to the probation officer.

In *United States v. Wickham,* 618 F.2d 1307, 1310 (9th Cir.1979), we said:

> Ordinarily, to challenge a revocation proceeding, the delay must have been caused by government action that was not the result of the probationer's own criminal conduct. In addition, the delay must have prejudicially affected the probationer's ability to contest revocation. Prejudice might result from delays causing probationers difficulty in contesting the alleged facts constituting a violation of their release conditions; hardship in finding and presenting favorable witnesses; or inability to produce evidence of mitigating circumstances which might result in continued probation despite the violation.

Riggans has pointed to no prejudice other than the unwanted interruption of his life after he thought he had been forgotten by the government.

Recently, we considered delay between the issuance of a probation bench warrant and its execution in the context of the district court's jurisdiction and announced guidelines in determining whether jurisdiction was retained. *United States v. Hill,* 719 F.2d 1402 (9th Cir.1983). In *Hill,* the bench warrant was not issued until four years after the probation violation and was not executed for another two and a half years, at a time when the five-year period provided by 18 U.S.C. §§ 3651, 3653 (1976 & Supp. III 1979) had expired. We held that the issuance of the bench warrant long after the probation violation and shortly before the running of the five years would not toll the five years to give the govern-

ment unlimited leisure in which to arrest a defaulting probationer. *Id.,* at 1405.

In the case at bar, the issuance and execution of the warrant fall clearly within the five-year period provided by the statute, and *Hill* is therefore not controlling. We find no deprivation of due process. The sentence may appear to be somewhat at odds with conventional approaches to rehabilitation, but we cannot characterize it as an abuse of discretion or a violation of any constitutional or statutory right. Accordingly, we have no choice but to affirm.

Affirmed.