**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Carl Eugene JONES,**
**Defendant–Appellant.**

**Nos. 87–1095, 87–1243.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 14, 1988.*

Decided Aug. 1, 1988.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Carl Eugene Jones, La Tuna, Tex.., in pro per.

Sanford Svetcov, Asst. U.S. Atty., Sandra Teters, Asst. U.S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before CHOY, FARRIS and WIGGINS, Circuit Judges.

CHOY, Circuit Judge:

Carl Eugene Jones ("Jones") appeals pro se the district court's denial of his Fed.R. Crim.P. 35(a) motion to correct his sentence. He also appeals pro se the district court's granting of the United States' motion to forfeit certain of Jones' personal property seized when Jones was arrested for narcotics violations. We affirm, in part, and reverse, in part.

## BACKGROUND

On November 13, 1985, after a jury trial, Jones was convicted of conspiracy and attempt to manufacture methamphetamine, 21 U.S.C. § 846, unlawful use of a telephone to further a conspiracy, 21 U.S.C. § 843, and being a felon in possession of firearms, 18 U.S.C. § 1202. On January 10, 1986, the district court sentenced Jones to six years imprisonment for the conspiracy conviction. For the other convictions, Jones received concurrent five year periods of probation, to begin upon his release from custody. This court affirmed the convictions on December 3, 1986.

On October 30, 1986, Jones filed a motion for reduction of sentence pursuant to Fed. R.Crim.P. 35, claiming that the maximum penalty authorized for conspiracy to manufacture methamphetamine was five years. The district court denied this motion, interpreting it as a motion to correct sentence under Fed.R.Crim.P. 35(a).

On May 19, 1987, the government brought a motion in district court seeking the forfeiture of items seized from Jones. The government cited no authority for this motion. Jones, acting through counsel, replied to the motion. He contested the forfeiture of only certain property, namely, laboratory equipment and glassware. Without allowing a hearing, the court granted the government's request.

Jones now appeals pro se from the district court's decisions denying his motion and granting the government's motion.

## DISCUSSION

### I. Motion to Correct Sentence

■ Jones maintains that under the Comprehensive Drug Abuse Prevention and Control Act of 1970 ("the Act") methamphetamine is classified as a schedule III controlled substance. He notes that a five year jail term is the maximum penalty authorized under 21 U.S.C. §§ 841(a)(1), 846 for criminal conduct involving a schedule III controlled substance. He thus argues that the district court's imposition of a six year sentence is illegal. We review *de novo* a challenge to the legality of a sentence. *United States v. Fowler*, 794 F.2d 1446, 1449 (9th Cir.1986), *cert. denied*, —— U.S. ——, 107 S.Ct. 1309, 94 L.Ed.2d 153 (1987).

The Act sets forth five schedules of controlled substances and specifies the initial classification of substances in each schedule. 21 U.S.C. § 812(a). However, the Act authorizes the Attorney General to transfer substances between schedules if certain criteria are met. 21 U.S.C. § 811(a); *see United States v. Alexander*, 673 F.2d 287, 289 (9th Cir.), *cert. denied*, 459 U.S. 876, 103 S.Ct. 168, 74 L.Ed.2d 139 (1982).

In 1974, acting under authority delegated by the Attorney General, the Drug Enforcement Administration reclassified methamphetamine from a schedule III controlled substance to a schedule II controlled substance. 39 Fed.Reg. 22, 142 (1974); 39 C.F.R. § 1308.12(d) (1987); *see*

*United States v. Burnes,* 816 F.2d 1354, 1358–60 (9th Cir.1987).

Thus, at the time of Jones' criminal conduct,[1] methamphetamine was a schedule II controlled substance. Under 21 U.S.C. §§ 841(b)(1), 846, a conspiracy or attempt to manufacture a schedule II controlled substance is punishable by a 15 year maximum sentence. Therefore, the district court did not err in giving Jones a six year sentence.

## II. Property Forfeiture

■ In granting the government's forfeiture request, the district court did not indicate the basis for its jurisdiction. A federal appellate court "has a special obligation to 'satisfy itself not only of its own jurisdiction, but also of that of the lower courts in a cause under review,' even though the parties are prepared to concede it." *Bender v. Williamsport Area School District,* 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986) (quoting *Mitchell v. Maurer,* 293 U.S. 237, 244, 55 S.Ct. 162, 165, 79 L.Ed. 338 (1934)). We review *de novo* a district court's assumption of jurisdiction. *United States v. Hill,* 719 F.2d 1402, 1404 (9th Cir.1983).

The government likens its motion to forfeit Jones' property to a civil forfeiture action. Yet, to effect civil forfeiture, the motion must be conducted in accordance with 21 U.S.C. § 881. Section 881(d) makes custom law statutes applicable to civil forfeiture proceedings. The custom law statutes set forth a particular scheme for the government to follow. First, if seized property is valued at less than $100,000, the government must post a notice of intent "to forfeit and sell or otherwise dis-

pose" of the property. 19 U.S.C. § 1607. Any person claiming an interest in the property may then post a bond in the sum of $5000 or 10 percent of the value of the property, but in no case less than $250. 19 U.S.C. § 1608. This secures a hearing for the claimant as the government must now bring a formal forfeiture action against the property. *Id.*[2] The district court then has jurisdiction to consider the case under 28 U.S.C. §§ 1345, 1355. Here, none of these steps were followed.[3]

In an attempt to cure this jurisdictional defect, the government argues that under *United States v. Martinson,* 809 F.2d 1364 (9th Cir.1987), the district court had " 'ancillary' jurisdiction" pursuant to its equitable powers. This contention is meritless. In *Martinson,* 809 F.2d at 1366–67, we held that "[a] district court has jurisdiction to entertain motions to return property seized by the government when no criminal proceedings are pending against the movant." This jurisdictional grant is within the equitable power of the district court because it is necessary to grant the claimant a remedy. *See Id.* at 1368. This was not the situation in the present case. The government was not powerless to cause forfeiture of Jones' property.[4]

## CONCLUSION

The district court had authority to sentence Jones to a six year prison term, but lacked jurisdiction over the government's forfeiture motion. Accordingly, we AFFIRM, in part, and REVERSE, in part.

---

1. Jones was prosecuted for events transpiring in 1985.

2. The regulations for the Drug Enforcement Administration, the agency which arrested Jones, set forth substantially the same procedure. 21 C.F.R. §§ 1316.74–.78 (1987).

3. The government does not contend that its motion constitutes a criminal forfeiture proceeding under 21 U.S.C. § 853.' Section 853(a) requires the court to rule on the forfeiture of property when "imposing sentence" on the defendant, for criminal forfeiture is imposed as an additional

punishment upon convicted defendants. *See United States v. Nichols,* 841 F.2d 1485, 1486–87 (10th Cir.1988); *United States v. Crozier,* 777 F.2d 1376, 1383 (9th Cir.1985). Here, the court sentenced Jones on January 10, 1986, more than a year before the forfeiture motion was brought.

4. Because we find no jurisdiction, we do not address whether the district court's failure to grant Jones an opportunity to appear in court to contest the forfeiture of his property constitutes a due process violation.