942 F.2d 791
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gabriel Anthony DOYLE, Plaintiff-Appellant,
v.
DRUG ENFORCEMENT AGENCY, Defendant-Appellee.
 No. 89-16093.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1991.*
Decided Aug. 28, 1991.
 
 Before JAMES R. BROWNING, FARRIS and WILLIAM A. NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gabriel A. Doyle, an Arizona state prisoner, appeals pro se the district court's order dismissing his petition for remission of forfeiture for lack of subject matter jurisdiction. Doyle contends that the district court had jurisdiction pursuant to 21 U.S.C. §§ 853, 881 and 883 and 19 U.S.C. § 1608.[1] We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 This court reviews de novo a district court's determination of subject matter jurisdiction. Marshall Leasing, Inc. v. United States, 893 F.2d 1096, 1098 (9th Cir.1990).
 
 
 4
 [21 U.S.C. s] 881(d) makes custom law statutes applicable to civil forfeiture proceedings. The custom law statutes set forth a particular scheme for the government to follow. First, if seized property is valued at less than $100,000, the government must post a notice of intent "to forfeit and sell or otherwise dispose" of the property. 19 U.S.C. § 1607. Any person claiming an interest in the property may then post a bond.... 19 U.S.C. § 1608. This secures a hearing for the claimant as the government must now bring a formal forfeiture action against the property. Id. The district court then has jurisdiction to consider the case under 28 U.S.C. §§ 1345, 1355.
 
 
 5
 United States v. Jones, 852 F.2d 1235, 1237 (9th Cir.1988) (footnote omitted).[2]
 
 
 6
 Here, the DEA notified Doyle, an inmate at ASP-Tucson (Santa Rita), that administrative forfeiture proceedings were under way against his 1981 Toyota pickup. The notice informed Doyle that he could petition the DEA to return the property to him, or contest the forfeiture in the district court. Doyle wrote a letter to the DEA and district court in late April 1989. The letter was construed as a petition for remission and attached was an application to proceed in forma pauperis.[3] The DEA did not submit Doyle's request to the United States Attorney for formal condemnation proceedings.[4] In the subsequent three months, Doyle filed in the district court various requests related to the Toyota. On July 5, 1989, the district court dismissed Doyle's "petition for remission" for lack of subject matter jurisdiction under 19 U.S.C. § 1618. On July 25, 1989, the district court denied Doyle's motion for reconsideration.
 
 
 7
 This appeal arises from Doyle's confusion between judicial and administrative forfeitures. See 19 U.S.C. §§ 1604, 1608; See also United States v. Elias, 921 F.2d 870, 872 (9th Cir.1990) (dismissal proper where no judicial forfeiture proceeding initiated and administrative proceeding provided adequate remedy at law). The government initiated administrative proceedings pursuant to statute after notice to Doyle. There was no indication that the government initiated judicial proceedings after receiving Doyle's petition for remission. Absent such an action, the district court lacked jurisdiction to review Doyle's petition. See 19 U.S.C. § 1618 (petition for remission filed with government); Jones, 852 F.2d at 1237; cf. Marshall Leasing, Inc., 893 F.2d at 1103 (failure to follow statutory scheme for obtaining judicial forfeiture does not preclude court from reviewing constitutional claims). Therefore, the district court did not err by dismissing Doyle's petition. See Jones, 852 F.2d at 1237; Elias, 921 F.2d at 875 (refusal to exercise equitable jurisdiction proper).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Doyle also contends that he was deprived of due process when the district court did not grant his motion for default based on the government's failure to answer Doyle's complaint. Doyle's argument lacks merit because, as the district court explained, it mistakenly construed Doyle's petition for remission as one for a writ of habeas corpus. Accordingly, the district court vacated its order directing the government to answer Doyle's petition
 
 
 [2]
 The 1990 amendments to 19 U.S.C. § 1607 increased the property value threshold from $100,000 to $500,000
 
 
 [3]
 There was no basis to construe Doyle's letter as a petition for a writ of mandamus to require the DEA to take administrative action. Therefore, the district court's interpretation was proper
 
 
 [4]
 In June 1989, the DEA notified Doyle that it had received his petition for remission of forfeiture and that it would investigate and review his petition. There is no indication in the district court record that the DEA resolved the matter