947 F.2d 951
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bobby Mack ALDERSON, Defendant-Appellant.
 No. 90-15962.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 11, 1991.*
Decided Oct. 23, 1991.
 
 Before CHAMBERS, WILLIAM A. NORRIS and DAVID A. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Bobby Mack Alderson appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence imposed following his guilty plea to manufacturing methamphetamine and being an ex-felon in possession of a handgun, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 1202(a)(1).
 
 
 3
 Alderson contends that the district court erred in ruling that methamphetamine is a Schedule II, not a Schedule III, controlled substance. Methamphetamine was originally listed in Schedule III by Congress, and later moved to Schedule II by the Attorney General. Alderson argues that improper procedures were followed by the Attorney General.
 
 
 4
 The Ninth Circuit has repeatedly visited the issue of the status of methamphetamine and found it to be a Schedule II controlled substance. See United States v. Jones, 852 F.2d 1235 (9th Cir.1988); United States v. Burnes, 816 F.2d 1354 (9th Cir.1987). Most recently the Ninth Circuit stated, "It is no longer an open question whether methamphetamine has properly been designated a Schedule II controlled substance." United States v. Durham, 90-10022, slip op. 10447, 10453 (Aug. 7, 1991).
 
 
 5
 Accordingly, we find no merit to Alderson's argument that methamphetamine is a Schedule III drug. Because Alderson's ineffective assistance of counsel claim rests on the premise that metamphetamine is a Schedule III controlled substance, that argument fails. Alderson's allegation that his guilty plea was not voluntary and intelligent rests on the same premise. It, too, fails.
 
 
 6
 We affirm the district court's denial of Alderson's § 2255 motion.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3