956 F.2d 1169
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David M. WILEY, Defendant-Appellant.
 No. 90-30025.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 2, 1992.*
Decided March 5, 1992.
 
 Before CYNTHIA HOLCOMB HALL, O'SCANNLAIN and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Wiley appeals, pro se, the denial of his Fed.R.Crim.P. 35(a) motion to reduce his sentence following his guilty plea to aiding and abetting the manufacture of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 Wiley contends that the statute under which he was sentenced did not authorize a special parole term. Because Wiley does not argue that a version of section 841(b)(1) other than that provided in the Comprehensive Crime Control Act of 1984 (the Act), 21 U.S.C. § 841(b)(1), should apply to him, the only question on appeal is whether his conduct comes under section 841(b)(1)(A) of the Act, rather than section 841(b)(1)(B).
 
 
 4
 In United States v. Torres, 880 F.2d 113 (9th Cir.1989), cert. denied, 493 U.S. 1060 (1990), this court held that 21 U.S.C. § 841(b)(1)(A), as amended on October 12, 1984, did not authorize special parole terms for large-volume narcotic drug offenses. Id. at 114. In relevant part, that section applied to "a kilogram or more of any other controlled substance in schedule I or II which is a narcotic drug." 21 U.S.C. § 841(b)(1)(A)(ii) (1982 & Supp. III 1985). Conversely, section 841(b)(1)(B) in effect at that time imposed a mandatory special parole term of at least three years, and it applied "[i]n the case of a controlled substance in schedule I or II except as provided in subparagraph[ ] (A)...." See 21 U.S.C. § 841(b)(1)(B) (1982 & Supp. III 1985).
 
 
 5
 Wiley pleaded guilty to aiding and abetting the manufacture of methamphetamine before August 1986. Methamphetamine is not listed as a narcotic drug, 21 U.S.C. § 802(17); rather, it is a Schedule II controlled substance classified as a stimulant. See United States v. Jones, 852 F.2d 1235, 1237 (9th Cir.1988); id. § 802(9); 21 C.F.R. § 1308.12(d). At the time of Wiley's offense, an individual could not be sentenced under section 841(b)(1)(A) for violations of section 841(a)(1) involving methamphetamine. Consequently, Wiley was subject to the sentencing provisions of 21 U.S.C. § 841(b)(1)(B). The version of section 841(b)(1)(B) in effect when Wiley was sentenced imposed a mandatory special parole term of at least three years. Accordingly, the five-year special parole term was lawfully imposed on Wiley, and the district court properly denied his Fed.R.Crim.P. 35(a) motion.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3