979 F.2d 855
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jesse Antonio SALAS, Petitioner-Appellant,
v.
Roger W. CRIST; United States Parole Board Commission,
Respondents-Appellees.
 No. 91-16259.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1992.*
Decided Nov. 18, 1992.
 
 Before SCHROEDER, FLETCHER and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jesse Antonio Salas, an Arizona state prisoner who is also on probation from a federal conviction, appeals pro se the district court's denial of his 28 U.S.C. § 2255 habeas petition. Salas contends that the district court erred in refusing to grant a hearing to determine whether he violated his probation. We have jurisdiction under 28 U.S.C. § 2255 and review the denial de novo. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988), cert. denied, 488 U.S. 982 (1988). We affirm.
 
 
 3
 If a federal defendant is alleged to have violated the terms of his probation, the United States Parole Commission may issue a warrant and retake the defendant. 18 U.S.C. § 3653. A defendant who is retaken under section 3653 is entitled to have a hearing without unnecessary delay. Id. However, if a defendant is imprisoned in another jurisdiction, the issuance of an arrest warrant may preserve the court's jurisdiction and need not be executed until the defendant has finished serving his sentence. United States v. Hill, 719 F.2d 1402, 1404 (9th Cir.1983).
 
 
 4
 Any delay in the execution of an arrest warrant lodged by the Parole Commission as a detainer does not create any procedural or substantive rights to an immediate hearing. See Moody v. Daggett, 429 U.S. 78, 87 (1976). Although the Interstate Agreement on Detainers Act, 18 U.S.C. App. § 2 (1989), requires reasonable diligence in securing the presence of a prisoner subject to a detainer, the Act does not apply to federal probation violations. See Carchman v. Nash, 473 U.S. 716, 734 (1985).
 
 
 5
 Salas plead guilty to bank robbery in the United States District Court for the Central District of California on March 15, 1982. He was sentenced on one of the counts to five years probation. Before his probationary period expired, Salas was convicted of robbery in the Superior Court, Pima County, Arizona and sentenced to seven years. Shortly after he was incarcerated in Arizona, the United States Marshal for the District of Arizona filed an arrest warrant as a detainer with the Arizona State Prison at Alhambra, Arizona. No effort, however, was made to retake Salas.
 
 
 6
 Salas contends that his right to due process was violated by the Parole Commission's failure to execute the arrest warrant revoking his probation so that he can serve his probation revocation sentence concurrently with his state sentence. Salas argues that the district court erred in not holding a probation revocation hearing. The district court determined that it had no jurisdiction to hold a hearing because the warrant revoking Salas's probation had not been executed. The district court was correct in so holding. See Hopper, 702 F.2d at 848. Moreover, Salas has not shown any prejudice resulting from the delay in executing the warrant, particularly because even if his probation is revoked, the Parole Commission has power to retroactively grant the equivalent of concurrent sentences. See Moody, 429 U.S. at 87. Finally, Salas is not entitled to a hearing under the Interstate Agreement on Detainers Act. See Carchman, 473 U.S. at 734. Therefore, we affirm the district court's judgment denying Salas's habeas petition.[1]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We deny Salas's request for oral argument