19 F.3d 30
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Salvador FLORES-RODRIGUEZ, Defendant-Appellant.
 No. 93-50301.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1994.*
Decided Feb. 25, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Salvador Flores-Rodriguez appeals his 60-month sentence following entry of a guilty plea to conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. Secs. 841(a)(1), 846. Flores-Rodriguez contends (1) he received ineffective assistance of counsel at sentencing when his attorney did not object to the presentence report and did not move to enforce the plea agreement and (2) the district court did not comply with Fed.R.Crim.P. 32. We dismiss the appeal for lack of appellate jurisdiction.
 
 
 3
 * Background
 
 
 4
 Flores-Rodriguez entered a guilty plea and was sentenced in 1990. His appointed counsel, Jack Boltax, did not file a notice of appeal. In 1991, Flores-Rodriguez filed a pro se motion pursuant to 28 U.S.C. Sec. 2255 alleging ineffective assistance of counsel due to his attorney's failure to appeal. The district court denied the motion, but we reversed and remanded for an evidentiary hearing to determine whether Flores-Rodriguez consented to his attorney's failure to appeal. Flores-Rodriguez v. United States, No. 91-56264 (9th Cir. July 17, 1992).
 
 
 5
 After appointing new counsel and conducting an evidentiary hearing, the district court determined that Flores-Rodriguez had not asked Boltax to file an appeal and Boltax's failure to contact Flores-Rodriguez after sentencing did not constitute ineffective assistance of counsel. Nonetheless, given the cultural and language barriers, the district court expressed concern about Boltax's failure to contact Flores-Rodriguez after sentencing. The district court stated that had Boltax talked to his client "it's very likely that the Defendant would have had a notice of appeal filed." Consequently, the district court extended the time for filing a notice of appeal based upon excusable neglect.
 
 
 6
 On March 8, 1993, Flores-Rodriguez filed a notice of appeal from the October 2, 1990 judgment of conviction. At our request, the parties filed supplemental briefs on the issue of jurisdiction.
 
 II
 Jurisdiction
 
 7
 Because the district court did not have the authority to extend the time for filing a notice of appeal by twenty-nine months, we must dismiss the appeal for lack of jurisdiction. See United States v. Buzard, 884 F.2d 475, 475-76 (9th Cir.1989) (Fed.R.App.P. 4(b) permits district court to extend time for filing a notice appeal for a period "not to exceed 30 days"), cert. denied, 495 U.S. 906 (1990).
 
 
 8
 Flores-Rodriguez attempts to avoid this conclusion by arguing the district court in effect found ineffective assistance existed by "grant[ing] Mr. Flores the remedy he was entitled to for ineffectiveness." Flores-Rodriguez notes the district court was willing to afford him a direct appeal and the government had advised the district court that it would be appropriate to resentence Flores-Rodriguez so that the appeal period would run anew. We reject the argument, however, because the district court expressly found that the attorney had not rendered ineffective assistance. If the district court had found Flores-Rodriguez had received ineffective assistance of counsel by his attorney's failure to appeal, the proper remedy would be for the district court to reinstate the direct appeal. See United States v. Horodner, 993 F.2d 191, 196 (9th Cir.1993). In the absence of such a finding, however, the district court lacks the authority to create appellate jurisdiction. See United States v. Pearce, 992 F.2d 1021, 1022 (9th Cir.1993); see also United States v. Jones, 852 F.2d 1235, 1237 (9th Cir.1988) (appellate court must determine its jurisdiction despite the parties' willingness to concede it).
 
 
 9
 Moreover, while we recognize an exception to Fed.R.App.R. 4(b) when an appellant has done all he could in the circumstances to perfect an appeal, attorney neglect or miscommunication does not satisfy that exception. See, e.g., United States v. Prairie Pharmacy, Inc., 921 F.2d 211, 212 (9th Cir.1990); United States v. Avendano-Camacho, 786 F.2d 1392, 1394 (9th Cir.1986).
 
 
 10
 Finally, we recognize that the district court expressed doubts about its authority to enlarge the time to appeal and that both attorneys led the court to believe such authority existed. In the interests of fairness, therefore, we have examined the underlying claims on the merits. As to his claim that he received ineffective assistance of counsel at sentencing, we conclude that Flores-Rodriguez received the benefit of his plea agreement--a 60-month sentence--thus he cannot establish that the government breached the plea agreement nor prejudice from his attorney's failure to object to the presentence report's calculation of his criminal history category and role in the offense. Cf. United States v. De la Fuente, 8 F.3d 1333, 1337 (9th Cir.1993) (ineffective assistance of counsel at sentencing occurred when counsel failed to object to breach of plea agreement). At sentencing, Flores-Rodriguez did not assert a factual dispute in the presentence report, rather he acknowledged his agreement with the calculation of the sentence. Because there was "no confusion on anyone's part" as to the district court's calculations, the sentencing procedures did not violate Fed.R.Crim.P. 32. See United States v. Rigby, 896 F.2d 392, 394 (9th Cir.1990). Accordingly, had Flores-Rodriguez filed a timely direct appeal, we would have affirmed.
 
 
 11
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3