76 F.3d 388
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edward Eugene ALLEN, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edward Eugene ALLEN, Defendant-Appellant.
 Nos. 94-30391, 94-30392.*
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 15, 1995.
Decided Jan. 9, 1996.
 
 Before: SCHROEDER, REINHARDT and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Edward Eugene Allen appeals the district court's revocation of his probation and concurrent sentences of five years, appeal no. 94-30391, and two years, appeal no. 94-30392. Allen contends that the district court lacked jurisdiction to revoke his probation because the term of probation had expired and the district court improperly considered charges adjudicated after the expiration of his term of probation. In appeal no. 94-30392, Allen also contends that the district court lacked jurisdiction to adjudicate him on the underlying charge of making false statements to the United States, for which he was initially placed on probation in 1987. We disagree and affirm.
 
 
 3
 Allen, who was placed on probation for five years commencing December 15, 1987, ran afoul of the law during that period. As a result, he was arrested by the State of Oregon authorities for aggravated theft and for issuing false statements. On September 30, 1991 he was sentenced to 36 months in state prison. A federal probation violation warrant, based partly upon those state charges, was issued on February 7, 1992, and an additional warrant was issued February 28, 1994. It covered his conviction of 35 more federal false statement charges. Neither warrant was executed until Allen was released from state prison in April of 1994. He now claims that the delay of execution precluded the district court from revoking his probation and sentencing him to prison. He asserts that the court waited too long on the initial warrant and that by the time the new warrant was issued, his probation had expired.
 
 
 4
 The original term of probation was authorized by law. See 18 U.S.C. § 3651 (repealed 1987).[1] Moreover, if a term of probation was violated during that five-year period, the court did have the power to revoke. See 18 U.S.C. § 3565(a). The revocation hearing did not need to take place within the five-year period, as long as the warrant was issued within that period and executed within a reasonable time thereafter. See United States v. Hill, 719 F.2d 1402, 1404-05 (9th Cir.1983).
 
 
 5
 Allen complains that the two-and-a-half-year delay between the issuance of the first warrant and the revocation hearing was unreasonable. He cites Hill for that proposition, but Hill is inapposite. As we said in Hill:
 
 
 6
 The issuance of a warrant may preserve the court's jurisdiction if a probationer is imprisoned for another offense or voluntarily absents himself from the jurisdiction. Execution of the warrant may also "await the outcome of pending criminal charges ... without amounting to an unreasonable delay." In these cases, the probationer's own conduct caused the delay between issuance and execution of the warrant.
 
 
 7
 Id. at 1404-05 (citations omitted); see also United States v. Wickham, 618 F.2d 1307, 1311 (9th Cir.1979). That language fits him perfectly. He was imprisoned on another offense. His own conduct caused the delay, and his request for an earlier hearing does not change that fact.
 
 
 8
 But, says Allen, surely the second warrant cannot be valid because it was issued more than five years after he was first put on probation, and it is clear that a warrant must issue within that five-year period. See Hill, 719 F.2d at 1404; United States v. Rodriguez, 682 F.2d 827, 829-30 (9th Cir.1982). However, we need not consider this contention because the three violations based upon his state offenses amply justify the revocation and ensuing judgment of commitment, regardless of the federal convictions. See United States v. Laughlin, 933 F.2d 786, 790 (9th Cir.1991); cf. Higdon v. United States, 627 F.2d 893, 900 (9th Cir.1980).[2]
 
 
 9
 AFFIRMED.
 
 
 
 *
 We hereby order these cases consolidated
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although § 3651 was repealed in 1987, it applies to Allen because his offenses took place prior to November 1, 1987. See Sentencing Reform Act of 1984, Pub.L. 98-473, Title II, Chapter II, §§ 212(a)(1)(2), 235(a)(1), 98 Stat.1987, 2031 (1984)
 
 
 [2]
 In a pro se reply brief, Allen claims that the district court lacked jurisdiction to adjudicate him on the underlying charge of making false statements to the United States, for which he was initially placed on probation in 1987. He concedes that he did not raise this claim before the district court, and the issue was not raised in Allen's opening brief. The proper avenue for Allen to attack the underlying conviction is a 28 U.S.C. § 2255 motion and not an appeal from a revocation of probation, and therefore, we will not consider Allen's claim here. See United States v. Simmons, 812 F.2d 561, 563 (9th Cir.1987). Incidentally, the record clearly demonstrates that the transfer consent form complies with the requirements of Federal Rule of Criminal Procedure 20(a), and the district court had jurisdiction to adjudicate Allen on the charge of making a false statement to the United States