## UNITED STATES of America, Plaintiff—Appellee,

v.

## Craig Lee CLEMENTS, Defendant— Appellant.

### No. 02–50569.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 11, 2003.

Decided Oct. 21, 2003.

---

** The Honorable Robert E. Jones, United States District Judge for the District of Oregon, sitting by designation.

Orlando Gutierrez, USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Benjamin L. Coleman, Ramzi Nasser and Kevin M. Bringuel, Esq., FDCA—Federal Defender's of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before KLEINFELD, WARDLAW, and W. FLETCHER, Circuit Judges.

MEMORANDUM *

Clements appeals the district court's denial of his motion to dismiss his probation revocation proceedings. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Clements moved to dismiss his probation revocation proceedings on the ground that his revocation hearing was not held "within a reasonable time" under Fed. R.Crim.P. 32.1(a)(2) (2001). The Advisory Committee Notes to then-Rule 32.1(a)(2) state: "Ordinarily this time will be measured from the time of the probable cause finding (if a preliminary hearing was held) or of the issuance of an order to show cause." On November 19, 2001, the district court issued a bench warrant for Clements's arrest and an order to show cause why his probation should not be revoked for alleged violations. The arrest warrant was not executed until May 20, 2002, and the order to show cause was heard on June 21, 2002.

That delay was not unreasonable under the circumstances. *See United States v.*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Hill,* 719 F.2d 1402, 1404–05 (9th Cir.1983); *United States v. Hamilton,* 708 F.2d 1412, 1415 (9th Cir.1983). The warrant was executed within Clements's probationary period and he suffered no prejudice.

**AFFIRMED.**

KLEINFELD, Circuit Judge, concurring.

I concur. I write separately because I do not believe the probation revocation hearing was held within a reasonable time. Fed.R.Crim.P. 32.1(a)(2) (2001), which has relocated to Fed.R.Crim.P. 32.1(b)(2), is a type of speedy-trial rule for all probation and supervised-release revocation hearings.[1] The six-month delay between the issuance of the bench warrant and the arrest was not satisfactorily explained or excused. Because Clements suffered no prejudice, I reach the same outcome as the majority in this case.