**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Theodore KNIGHTEN–EL, aka**
**Theodore Ishaq Knighten–El,**
**Defendant—Appellant.**

**No. 03–50298.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 14, 2004.*

Decided May 19, 2004.

Ronald L. Cheng, Esq., Douglas A. Axel, Esq., Los Angeles, CA, for Plaintiff–Appellee.

Shakti Murthy, Esq., Santa Monica, CA, for Defendant–Appellant.

Before: TASHIMA, MCKEOWN, and BYBEE, Circuit Judges.

## MEMORANDUM **

Theodore Knighten–El appeals the district court's judgment revoking his supervised release. He asserts that a four-month detention prior to his revocation hearing deprived the district court of jurisdiction over the revocation petition, and

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**780**

violated his due process rights. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

We first note that, despite his release from custody, the length of Knighten–El's supervised release term is still at issue and thus this appeal is not moot. *See United States v. Verdin*, 243 F.3d 1174 (9th Cir. 2001). We are not persuaded by Knighten–El's contention that the district court lacked jurisdiction over his revocation proceeding because of the four-month delay between his arrest and revocation hearing. His reliance on *United States v. Hill*, 719 F.2d 1402 (9th Cir.1983), is misplaced. Unlike in *Hill* (a probation case), Knighten–El's violation was adjudicated well within the period of supervised release and, consequently, the district court retained jurisdiction over his revocation proceeding. *Cf. United States v. Neville*, 985 F.2d 992 (9th Cir.1993).

Under the constitutional framework set out in *Morrissey v. Brewer*, 408 U.S. 471, 488, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), and *Camacho v. White*, 918 F.2d 74, 79 (9th Cir.1990), we conclude that the delay was not a violation of Knighten–El's due process rights or Fed.R.Crim.P. 32.1. Significantly, he cannot establish that he was prejudiced by the delay.

AFFIRMED.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.