**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Mario ORTIZ, Defendant–Appellant.**

Nos. 06–50254, 06–50280.

United States Court of Appeals,
Ninth Circuit.

Submitted June 3, 2008.*

Filed June 9, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Bruce Smith, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Lisa M. Bassis, Esq., Law Offices of Lisa M. Bassis, Beverly Hills, CA, for Defendant–Appellant.

Before: CANBY, BYBEE, and M. SMITH, Circuit Judges.

## MEMORANDUM **

Defendant–Appellant Mario Ortiz appeals his conviction pursuant to a jury trial and the consequent revocation of his supervised release. Because the parties are familiar with the facts, we do not recite them here except as necessary to explain our decision. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

### A. Appeal of Ortiz's conviction

■ Ortiz first argues that insufficient evidence existed to sustain his conviction because the evidence failed to establish that he was one of the perpetrators of the crime. Because he failed to make a Rule 29 motion, we review for plain error. *See United States v. Franklin*, 321 F.3d 1231, 1239 (9th Cir.2003). Generally, we review insufficiency of evidence claims "to determine whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (internal quotation marks and citation omitted).

Here, there was no plain error because a rational trier of fact could have found that Ortiz was the perpetrator of the crime beyond a reasonable doubt. The Smuggler Targeting Action Team (STAT Unit)

officers observed only two men at the campsite. During the drug transaction, the officers were able to observe the physical build of these two men and the color of their clothes, which remained the same the following morning. The STAT Unit surveilled the campsite and its five occupants overnight and saw no one enter or exit the site. The arrests of all five individuals were observed by STAT Unit officers. A rational trier of fact could conclude beyond a reasonable doubt that the man wearing a gray, red and black long-sleeved shirt and blue shorts who was observed helping unload the ATVs at night was the same man who was apprehended the following morning in the same clothes and taken to the border patrol station.

Ortiz further argues that his counsel was ineffective. Though ineffective assistance of counsel claims are usually reviewed on collateral and not direct review, we may review this claim because the record is sufficiently developed for us to conclude that Ortiz was not prejudiced by his counsel's decisions under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Ortiz argues that his counsel was ineffective for failing to make a Rule 29 motion and failing to request jury instructions on identity.

■ The failure of Ortiz's counsel to make a Rule 29 motion did not prejudice Ortiz. As previously discussed, there was sufficient evidence to convict even if Ortiz had made a Rule 29 motion to preserve the issue for review.

■ The failure of Ortiz's counsel to request a jury instruction on identity also did not prejudice Ortiz. The jury instructions adequately covered his defense, and defense counsel focused the jury's atten-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tion on the issue of potential misidentification throughout trial and in closing argument. *See United States v. Amaral,* 488 F.2d 1148, 1151 (9th Cir.1973).

■ Finally, the district court did not abuse its discretion when it denied Ortiz's post-trial motion for substitution of counsel. We review the denial for abuse of discretion and consider the timeliness of the motion, the adequacy of the court's inquiry, and the extent of the conflict between the defendant and his counsel. *United States v. Smith,* 282 F.3d 758, 764 (9th Cir.2002). The parties agree that the motion was timely. Given the district court's knowledge of the case and of counsel's performance at trial, Ortiz's description of his problem with counsel that did not indicate an irreconcilable conflict, and Ortiz's complaints that were essentially disagreements with his counsel's litigation tactics, which are generally for counsel to decide, *id.,* we conclude that the district court properly exercised its discretion in denying his motion.

*B. Revocation of supervised release*

■ Ortiz's contention that the supervised release regime is unconstitutional and that *United States v. Huerta–Pimental,* 445 F.3d 1220 (9th Cir.2006), has been undermined by *Cunningham v. California,* 549 U.S. 270, 127 S.Ct. 856, 166 L.Ed.2d 856 (2007), is foreclosed by our decision in *United States v. Santana,* 526 F.3d 1257 (9th Cir.2008). *Huerta–Pimental* remains good law after *Cunningham,* and the revocation of his supervised release and resulting imposition of a 15–month term of imprisonment did not violate Ortiz's constitutionally protected rights. *Id.* at 1261–62.

For the foregoing reasons, we AFFIRM.