**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Gerardo SANDOVAL–MARCHEN,**
**Defendant–Appellant.**

**United States of America,**
**Plaintiff–Appellee,**

v.

**Gerardo Sandoval–Marchen,**
**Defendant–Appellant.**

Nos. 08–50016, 08–50042.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 28, 2008.*

Filed Nov. 5, 2008.

Carlos Arguello, Randy K. Jones, USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Candis L. Mitchell, FDSD—Federal Defenders of San Diego, Inc. San Diego, CA, for Defendant–Appellant.

Before: HAWKINS, RAWLINSON and M. SMITH, Circuit Judges.

MEMORANDUM **

In these consolidated appeals, Gerardo Sandoval–Marchen appeals from the 18–month sentence imposed following his guilty-plea conviction for bringing illegal aliens into the United States and aiding and abetting in violation of 8 U.S.C. § 1324(a)(1)(A)(i), (v)(II), and from the revocation of supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Sandoval–Marchen contends that the district court erred at sentencing by failing to adequately consider the relevant 18 U.S.C. § 3553(a) sentencing factors. He specifically argues that the court did not consider his mitigating personal history and characteristics, such as his family circumstances, and any sentencing disparities resulting from his alien status. We conclude that the district court did not procedurally err and that the sentence is substantively reasonable. *See United States v. Carty,* 520 F.3d 984, 993 (9th Cir.2008) (en banc), *cert. denied sub nom. Zavala v. United States,* —— U.S. ——, 128 S.Ct. 2491, 171 L.Ed.2d 780 (2008).

Sandoval–Marchen also contends that the statute governing supervised release, 18 U.S.C. § 3583, is unconstitutional. His claim is foreclosed by *United States v. Santana,* 526 F.3d 1257, 1262 (9th Cir. 2008).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.