**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Robert Lee SWANSON, Jr.,**
**Defendant–Appellant.**

United States of America,
Plaintiff–Appellee,

v.

Robert Lee Swanson, Jr., Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Robert Lee Swanson, Jr., Defendant–Appellant.

Nos. 08–50102, 08–50104, 08–50105.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 21, 2008.*

Filed Nov. 19, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

562

U.S. Attorney CR, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

David M.C. Peterson, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: FERNANDEZ, CALLAHAN, and IKUTA, Circuit Judges.

## MEMORANDUM **

Swanson asserts that the delay of 108 days between the initial appearance and preliminary hearing on his supervised release violation, during which time he was housed in "deplorable" conditions, violated his due process rights under Fed. R.Crim.P. 32.1. Because Swanson failed to demonstrate that the delay was unreasonable and that he suffered actual prejudice, we affirm the district court's denial of his motion to dismiss the revocation proceedings.[1]

Fed.R.Crim.P. 32. 1(b)(1)(A) provides that a preliminary hearing on a supervised release violation "must [be] promptly conduct[ed]." Defendant's right to such a hearing arises under the Due Process Clause of the Fifth Amendment. *United States v. Santana*, 526 F.3d 1257, 1259 (9th Cir.2008). To qualify for relief, our case law requires the defendant to show both (1) an unreasonable delay and (2) actual prejudice. *Id.* at 1260–61. We review *de novo* the district court's ruling on whether the defendant's due process rights as incorporated in Rule 32.1 were violated. *Id.* at 1260.

Swanson's claim fails because he did not demonstrate that the delay involved here was unreasonable. Reasonableness involves the balancing of the length of the delay and the reasons given for the delay. *Id.* at 1260. In this case, the overall delay of 108 days is less than the delays at issue in both *Santana*, 526 F.3d at 1259–61 (121 days), and *United States v. Wickham*, 618 F.2d 1307, 1310–11 (9th Cir.1979) (seven months), where this court found no violations of due process. Moreover, Swanson does not allege that the government intentionally delayed transferring him. This also weighs against a finding of unreasonableness. *See United States v. Gregory*, 322 F.3d 1157, 1162 (9th Cir.2003) (noting that, under *Barker v. Wingo*, 407 U.S. 514, 531, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), "the government's negligence should weigh less heavily in defendant's favor than does a deliberate delay").

Furthermore, to the extent that we need to address it, we find that Swanson has also failed to demonstrate that he suffered any actual prejudice. His only claim of prejudice is due to "oppressive pretrial incarceration," *see Santana*, 526 F.3d at

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition.

1260–61 (citing *Barker*, 407 U.S. at 532, 92 S.Ct. 2182), and is primarily based on allegations of overcrowding, violence, inadequate food and facilities, and lack of counsel. Swanson, however, failed to provide any evidence to support his claims.

Moreover, Swanson's delay can hardly be considered prejudicial where there was little doubt from the moment he was placed in the state jail that his supervised release would be revoked due to the violation. *Cf. Coe v. Thurman*, 922 F.2d 528, 532 (9th Cir.1990) (delay in review of conviction is not oppressive where the conviction ends up being proper (citing *United States v. Antoine*, 906 F.2d 1379, 1382 (9th Cir.1990))).

For the foregoing reasons, the district court's denial of Swanson's motion to dismiss revocation proceedings is **AFFIRMED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.