488

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose Luis RIOS–FLORES,**
**Defendant–Appellant.**

No. 08–50216.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 13, 2009.*

Filed Jan. 22, 2009.

Lauren J. Barefoot, Esquire, Randy K. Jones, Esquire, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Joseph M. McMullen, Esquire, Trial, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: O'SCANNLAIN, BYBEE, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Jose Luis Rios–Flores appeals from the 10–month sentence imposed following revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Rios–Flores contends that the scheme of supervised release revocation violates the rule of *Apprendi v. New Jersey*, 530 U.S.

466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He acknowledges the contrary authority of *United States v. Huerta–Pimental*, 445 F.3d 1220 (9th Cir.2006), and *United States v. Santana*, 526 F.3d 1257 (9th Cir.2008), but contends that these cases conflict with *Cunningham v. California*, 549 U.S. 270, 127 S.Ct. 856, 166 L.Ed.2d 856 (2007), and *Butler v. Curry*, 528 F.3d 624 (9th Cir.2008). We reject these contentions. *See Santana*, 526 F.3d at 1262 (holding that *Cunningham* does not impact the validity of 18 U.S.C. § 3583's procedure for revocation of supervised release); *see also Butler*, 528 F.3d at 635 (analyzing *Cunningham* in the context of an initial sentencing, not in the context of supervised release).

**AFFIRMED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.