MEMORANDUM **
Phillip Price, a former California state prisoner, appeals pro se from the district court’s judgment dismissing his 42 U.S.C. § 1983 action alleging the denial of due process at a parole revocation hearing and the imposition of a mandatory parole term. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915. Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir.1998) (order). We affirm.
The district court properly dismissed Price’s due process claims against defendant Roos because he is immune from suit. See Bermudez v. Duenas, 936 F.2d 1064, 1066 (9th Cir.1991) (“Although *376 a section 1983 action may be maintained against officials acting in their individual capacities ... parole board officials are entitled to absolute immunity from liability for damages for their actions taken when processing parole applications.”).
The district court properly dismissed Price’s claim regarding the imposition of parole because parole was a mandatory consequence of his guilty plea. See Cal.Penal Code § 3000(a). Moreover, Price’s contention that his parole revocation violated the Sixth Amendment’s guarantee of a jury trial is erroneous. See United States v. Santana, 526 F.3d 1257, 1262 (9th Cir.2008) (“There is no Sixth Amendment right to jury trial for post-conviction determinations such as the finding of whether a releasee violated the terms of his release.”). To the extent Price seeks to invalidate his plea agreement, his claim is barred. See Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) (precluding a section 1983 action when a judgment in favor of the plaintiff would necessarily imply invalidity of his sentence).
Price’s remaining contentions are unpersuasive.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.