FILED

NOV 18 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50170 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-00603-RTB |
| v. | |
| JOSE PILAR PEREZ-LOPEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted November 17, 2009[**]

Before:     ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

Jose Pilar Perez-Lopez appeals from the nine-month sentence imposed

following revocation of the supervised release term he was serving following a

guilty-plea conviction to being a deported alien found in the United States.  We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

JC/Research

have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Perez-Lopez contends the district court committed procedural error by: (1) relying on clearly erroneous facts; (2) imposing a sentence without providing an explanation sufficient to allow meaningful appellate review; and (3) failing to consider the revocation factors in 18 U.S.C. §§ 3583(e) and 3553(a). These contentions are belied by the record. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

Perez-Lopez also contends the district court committed procedural error by failing to calculate the sentencing guidelines range and by ignoring the parsimony principle. Perez-Lopez has not demonstrated that any error affected his substantial rights. *See United States v. Dallman*, 533 F.3d 755, 761-62 (9th Cir. 2008).

Finally, Perez-Lopez contends the supervised release revocation procedures set forth in 18 U.S.C. § 3583(e)(3) violate *Apprendi v. New Jersey*, 530 U.S. 466 (2000). This contention is foreclosed by *United States v. Huerta-Pimental*, 445 F.3d 1220, 1224-25 (9th Cir. 2006). We reject Perez-Lopez's contention that *Huerta-Pimental* is no longer good law in light of *Cunningham v. California*, 549 U.S. 270 (2007). *See United States v. Santana*, 526 F.3d 1257, 1262 (9th Cir. 2008).

**AFFIRMED.**