FILED

NOT FOR PUBLICATION

DEC 21 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50333 |
| Plaintiff - Appellee, | D.C. No. 3:03-CR-00856-GT-1 |
| v. | |
| JUAN MAGANA-COLIN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Gordon Thompson, District Judge, Presiding

Argued and Submitted December 10, 2009
Pasadena, California

Before: REINHARDT, TROTT and WARDLAW, Circuit Judges.

Juan Magana-Colin appeals from the district court's judgment revoking his supervised release and sentencing him to 12 months imprisonment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Magana-Colin argues that the three-year delay between the issuance of a warrant for his arrest for violation of supervised release and the commencement of his supervised release revocation hearing was unreasonable, in violation of Due Process and Federal Rule of Criminal Procedure 32.1.[1] He does not contest that his revocation hearing was held within a reasonable time after he was taken into custody for his supervised release violation. However, he argues that the reasonable time for his hearing should be measured from the date that the warrant for his violation issued.

Rule 32.1 formalizes the requirements of the Due Process Clause. *See United States v. Santana*, 526 F.3d 1257, 1259 (9th Cir. 2008); *see also id.* at 1259 n.2 ("We treat proceedings for revocation of probation, parole, and supervised release as equivalents for due process purposes . . . ."). As a matter of Due Process, Magana-Colin's argument is clearly foreclosed by *Moody v. Daggett*, 429 U.S. 78, 87 (1976) (identifying custody under a parole violation warrant, rather than issuance of the warrant, as "the operative event" that triggers the requirement

---

[1]In his opening brief, Magana-Colin argued that this delay also deprived the district court of jurisdiction to revoke his supervised release under 18 U.S.C. § 3583(i). However, he has conceded in his reply brief that there was no violation of § 3583(i) in his case. Section 3583(i) limits the time in which a court may revoke supervised release *after* the term of supervised release has expired. Magana's term of supervised release had not yet expired when his revocation hearing was held, so § 3583(i) does not apply.

of a timely hearing). Further, the plain language of Rule 32.1 shows that it applies only once a supervised release violator is in custody for the violation. Therefore, we conclude that the delay that Magana-Colin challenges did not violate either Rule 32.1 or the Due Process Clause and we AFFIRM the district court's revocation of his supervised release.

AFFIRMED.