**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JUAN OLIBAS-VALENZUELA,

Defendant - Appellant.

No. 10-50175

D.C. No. 3:09-cr-02938-GT

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Gordon Thompson, District Judge, Presiding

Submitted November 16, 2010[**]

Before: TASHIMA, BERZON, and CLIFTON, Circuit Judges.

Juan Olibas-Valenzuela appeals from the 12-month sentence imposed upon

revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291,

and we vacate and remand for resentencing.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Olibas-Valenzuela contends that the supervised release revocation procedures set forth in 18 U.S.C. § 3583(e)(3) violate *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *United States v. Booker*, 543 U.S. 220 (2005). As Olibas-Valenzuela concedes, this contention is foreclosed by *United States v. Santana*, 526 F.3d 1257, 1262 (9th Cir. 2008), and *United States v. Huerta-Pimental*, 445 F.3d 1220, 1225 (9th Cir. 2006).

Olibas-Valenzuela further argues that the district court procedurally erred by failing to calculate and consider the applicable advisory Guidelines range. The record reveals that the district court committed a significant procedural error because it did not calculate the advisory Guidelines range, and neither the parties nor the probation office identified the applicable range. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Denton*, 611 F.3d 646, 651 (9th Cir. 2010). The Government has not met its burden of showing that the error was harmless; therefore, we vacate the sentence and remand for resentencing. *United States v. Grissom*, 525 F.3d 691, 696 (9th Cir. 2008) (stating that this court "will remand non-harmless procedural errors").

10-50175

Because the district court's failure to calculate the advisory Guidelines range requires remand for resentencing, it is unnecessary to address Olibas-Valenzuela's remaining claims of procedural error at sentencing.

**VACATED and REMANDED for resentencing**.