FILED

JAN 05 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50217 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-01182-JAH |
| v. | |
| ALEJANDRO SANCHEZ, a.k.a. Jose Alfredo Jimenez-Manzanares, a.k.a. Fernando Rodriguez-Masas, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Submitted December 14, 2010[**]

Before:     GOODWIN, WALLACE, and CLIFTON, Circuit Judges.

Alejandro Sanchez appeals from the ten-month sentence imposed upon

revocation of supervised release.  We have jurisdiction under 28 U.S.C. § 1291,

and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Sanchez contends that the district court procedurally erred by failing to: (1) calculate the advisory Guidelines range; (2) expressly address the relevant factors set forth in 18 U.S.C. § 3553(a) and 18 U.S.C. § 3583(e); and (3) explain the reasons for the sentence imposed.  The record reflects that the district court did not procedurally err.  *See United States v. Carty*, 520 F.3d 984, 991-93 (9th Cir. 2008) (en banc); *see also United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010).

Sanchez next contends that the sentence is substantively unreasonable in light of his mitigating personal circumstances.  The record reflects that the ten-month sentence is substantively reasonable in light of the totality of the circumstances.  *See Gall v. United States*, 552 U.S. 38, 51-52 (2007).

Sanchez last contends that the revocation of supervised release requires impermissible judicial fact-finding that violates *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  As he concedes, this contention is foreclosed by *United States v. Huerta-Pimental*, 445 F.3d 1220 (9th Cir. 2006), and *United States v. Santana*, 526 F.3d 1257, 1262 (9th Cir. 2008).

**AFFIRMED.**

10-50217