**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50471 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-04455-WQH |
| v. | |
| HERIBERTO NAVARRETE-JIMENEZ, a.k.a. Erik Navarete-Jimenez, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted May 24, 2011**

Before:    PREGERSON, THOMAS, and PAEZ, Circuit Judges.

Heriberto Navarrete-Jimenez appeals from the 12-month sentence imposed

upon revocation of supervised release. We have jurisdiction under 28 U.S.C.

§ 1291, and we affirm.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Navarrete-Jimenez first contends that the district court imposed a procedurally unreasonable sentence because it failed to consider the sentencing factors set forth in 18 U.S.C. § 3583(e) and his mitigation arguments. However, "the record makes clear that the district court considered the evidence and arguments of the defendant and based its sentence on an analysis of the advisory Guidelines range and the provisions of [18 U.S.C. § 3583(e)]." *United States v. Stoterau*, 524 F.3d 988, 1000 (9th Cir. 2008).

Navarrete-Jimenez next contends that his sentence is substantively unreasonable because the district court improperly focused on the timing of the violation and discounted the mitigating factors. In light of the totality of the circumstances, including the brief period of time between Navarrete-Jimenez's release from custody and his illegal return to the United States, the sentence is not substantively unreasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

Navarrete-Jimenez last contends that § 3583(e)(3) is unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *United States v. Booker*, 543 U.S. 220 (2005). As he concedes, this contention is foreclosed by *United States v. Huerta-Pimental*, 445 F.3d 1220, 1223-25 (9th Cir. 2006), and *United States v. Santana*, 526 F.3d 1257, 1262 (9th Cir. 2008).

**AFFIRMED.**