**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CHARLES WANG,

    Petitioner - Appellant,

 v.

KAMALA HARRIS,

    Respondent - Appellee.

No. 13-16009

D.C. No. 4:10-cv-01453-PJH

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Submitted July 22, 2014[**]

Before: GOODWIN, CANBY, and CALLAHAN, Circuit Judges.

 California state prisoner Charles Wang appeals pro se from the district

court's judgment denying his 28 U.S.C. § 2254 habeas petition. We have

jurisdiction under 28 U.S.C. § 2253. We review de novo a district court's denial of

---

 [*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

 [**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

a habeas petition, *see Collins v. Runnels*, 603 F.3d 1127, 1130 (9th Cir. 2010), and we affirm.

Wang contends that the 102-day delay in holding his parole revocation hearing violated his right to due process. The state court's rejection of this claim was not contrary to or an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d)(1); *Morrissey v. Brewer*, 408 U.S. 471, 488 (1972); *United States v. Santana*, 526 F.3d 1257, 1259-61 (9th Cir. 2008). Wang received full credit against his sentence for the time he spent in pre-revocation incarceration, and he failed to demonstrate actual prejudice from the delay. *See Santana*, 526 F.3d at 1260-61.

We construe Wang's additional arguments as a motion to expand the certificate of appealability. So construed, the motion is denied. *See* 9th Cir. R. 22-1(e); *Hiivala v. Wood*, 195 F.3d 1098, 1104-05 (9th Cir. 1999) (per curiam).

**AFFIRMED.**