**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 19 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50264 |
| Plaintiff-Appellee, | D.C. No. 3:08-cr-00937-BEN |
| v. | |
| PEDRO M. CASTILLO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted April 11, 2017[**]

Before:     GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Pedro M. Castillo appeals from the district court's judgment and challenges the 11-month sentence imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Castillo contends that the district court procedurally erred by failing to consider his arguments and the sentencing factors, and by failing to explain the sentence adequately. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The record reflects that the district court considered Castillo's arguments and the 18 U.S.C. § 3583(e) sentencing factors, and sufficiently explained its determination that a high-end sentence was warranted. *See United States v. Carty,* 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Castillo next contends that the sentence is substantively unreasonable. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The 11-month sentence is substantively reasonable in light of the sentencing factors and the totality of the circumstances, including Castillo's multiple breaches of the court's trust. *See Gall*, 552 U.S. at 51; *United States v. Simtob*, 485 F.3d 1058, 1062-63 (9th Cir. 2007).

Finally, Castillo contends that the imposition of a custodial sentence upon revocation of supervised release violates *Apprendi v. New Jersey,* 530 U.S. 466 (2000). As he concedes, this claim is foreclosed. *See United States v. Santana,* 526 F.3d 1257, 1262 (9th Cir. 2008).

**AFFIRMED.**