NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3719
_____

UNITED STATES OF AMERICA

v.

RONALD GOODE, a/k/a Black,
                          Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 2-02-cr-00828-001)
District Judge:  Honorable Michael M. Baylson

Argued May 9, 2017

BEFORE:  AMBRO, COWEN, and NYGAARD, *Circuit Judges*

(Filed: June 26, 2017)

Keith M. Donoghue
Jacob Schuman        [Argued]
601 Walnut Street
The Curtis Center, Suite 540 West
Philadelphia, PA 19106
        *Counsel for Appellant*


Bernadette A. McKeon       [Argued]
Office of United States Attorney
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106
        *Counsel for Appellee*

—————

OPINION[*]

—————

NYGAARD, Circuit Judge.

Ronald Goode appeals the District Court's imposition of a 27-month sentence for violating the terms of his supervised release. Goode maintains that his due process rights were violated by the District Court's delay in holding a revocation hearing. While the delay underlying Goode's case at first glance seems unusually lengthy, we cannot identify a constitutional violation that would give rise to a due process claim. Thus, we will affirm the District Court's sentence.

I.

A.

Goode pleaded guilty in 2003 to federal drug charges. He served 130 months in prison. In March of 2011, Goode was released from federal prison, and began serving a five-year term of supervised release. Four months into his supervised release term, Goode was arrested on state charges of attempted murder, assault, and various firearms infractions. The day after Goode's arrest, the federal probation office filed a Violation of Supervised Release petition, which the District Court signed the next day. Although a federal arrest warrant for Goode was issued on July 15, 2011, the District Court would not hold a hearing on the matter until September of 2016. This hiatus forms the

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

gravamen of Goode's complaint.  For ease of reference, we include the following

chronological summary of events, noting dates of relevance to this appeal:

| 1/27/2003 | Goode pleads guilty to one count of conspiracy to distribute crack cocaine |
|---|---|
| 6/9/2003 | Goode sentenced to 162 months' imprisonment, five years of supervised release, and $1000 fine |
| 3/14/2011 | Goode completes jail time and begins his term of supervised release. |
| 5/10/2011 | Goode volunteers for and is accepted to the Eastern District's STAR program (supervision to aid re entry) |
| 7/13/2011 | Goode arrested by Philadelphia police department and charged with attempted murder, aggravated assault, and several firearms offenses |
| 7/14/2011 | United States Probation Office files a revocation petition on the basis of Goode's arrest |
| 7/15/2011 | The District Court signs the petition and issues an arrest warrant. |
| 11/2011 | Goode requests a continuance of state court trial |
| 11/2011 | Goode requests another continuance to explore a plea bargain |
| 7/2012 | Trial set in state court but continued |
| 2/2013 | Goode's counsel permitted to withdraw and new counsel appointed |
| 5/2013 | Goode's counsel request a jury trial |
| 12/4/2013 | Jury is selected |
| 12/9/2013 | State trial postponed due to issue with a witness |
| 12/18/2013 | New counsel appointed and trial postponed again |
| 6/2/2014 | Goode files motion in the District Court asking for a hearing on his supervised relief violation |
| 10/2/2014 | Goode pleads guilty in Philadelphia Common Pleas Court to aggravated assault and firearms offenses |
| 11/19/2014 | District Court construes motion as one asking to lift federal detainer and denies it because the detainer was not yet operative |
| 6/2015 | Goode again writes to federal court asking for counsel and a revocation hearing.  He explains that state court has not sentenced him because it is waiting for federal court to sentence on violation of supervised release. |
| 12/20/2015 | Goode sentenced in state court to two and one half to five years imprisonment |
| 1/27/2016 | Goode makes third request for federal court to go forward with his revocation hearing. |
| 7/16/2016 | Goode completes state court sentence and is released from state custody |
| 9/7/2016 | Goode is arrested by federal authorities on the arrest warrant |
| 9/12/2016 | Goode admits to violating supervised release and is sentenced to 27 months' imprisonment |

## B.

Before turning to a discussion of the issues raised in this appeal, we need to resolve the parties' disagreement over the appropriate standard of review. The Government urges us to apply a plain error standard of review, maintaining that Goode never sought to dismiss the petition for revocation on due process grounds (or any other basis, for that matter). Goode, for his part, maintains that he did object to the delay in the revocation hearing by the filing of three pro se motions in the District Court asking it to proceed on the petition, and specifically invoking his right to due process.

We side with Goode here and will not review this appeal for plain error. First, Goode's pro se filings satisfy Fed. R. Crim. P. 51(b), which defines the preservation rule in criminal cases. Through these filings, Goode informed the District Court what he wanted it to do. Second, the Government's position elevates form over function. While it may be true that defendants "typically" object through a motion to dismiss the violation petition (*see* Gov't Br. at 16-17), there is no rule that says any objection must be made that way. We will, therefore, exercise plenary review over the alleged violations of the Constitution. *See United States v. Battis*, 589 F.3d 673, 677 (3d Cir. 2009).

## II.

## A.

Hearings to revoke supervised release, like hearings to revoke parole, are not criminal prosecutions. As such, these proceedings do not trigger the "full panoply of rights' which attach during a criminal trial, including the Sixth Amendment's guarantee of a 'speedy trial." *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972). These proceedings

4

do, however, affect the liberty interests of individuals, and trigger limited protections under the Due Process Clause. *Id. at* 484. One due process right triggered by a revocation proceeding is the right to have a "revocation hearing . . . within a reasonable time after the parolee is taken into custody." *Id*. at 488. This right has been codified in Fed. R. Crim. P. 32.1(b)(2), which requires that courts "must hold the revocation hearing within a reasonable time." When evaluating claims under Fed. R. Crim. P. 32.1, courts often look to the factors the Supreme Court laid out in *Barker v. Wingo*, 407 U.S. 514 (1972), because of the analogous context of the Sixth Amendment right to speedy trial. *United States v. Poellnitz*, 372 F.3d 562, 570 (3d Cir. 2004). Those factors are: "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Barker*, 407 U.S. at 530. We will start with the prejudice inquiry, as our determination on that point renders further inquiry unnecessary.

Although Goode points to what he believes was a five-year delay, it was not as long as he supposes. This is because Goode's right to a timely revocation hearing is measured from the time he was taken into custody pursuant to the revocation arrest warrant—not from the time the arrest warrant was issued. *Morrissey*, 408 U.S. at 486 (a defendant has the right to have a revocation hearing within "a reasonable time after the parolee is taken into custody."). This makes sense because a parolee does not suffer a loss of liberty as a parole violator until he is taken into custody per the violation order.

Goode takes issue with this measurement. He maintains that the delay should be measured from the date the revocation warrant was issued. He cites one of our decisions in support of his position, *Poellnitz*, *supra*. But his reliance on that decision is misplaced.

5

First, *Poellnitz* involved a statutory claim brought under 18 U.S.C. § 3583(i)—not a straight-up due process claim like Goode's. Second, we specifically stated in *Poellnitz* that "it was reasonable for the District Court to wait for the adjudication of the state court charges before proceeding with the revocation hearing." *Poellnitz*, 372 F.3d at 571. Here, the adjudication of the charges in state court took a great deal of time, due to various delays, changes of counsel, etc. After his release from state custody (July 16, 2016), Goode was arrested by federal authorities (September 7, 2016), and the District Court held a revocation hearing a mere five days later (September 12, 2016). Goode did not suffer a loss of liberty until September 7, 2016 (a Wednesday), and was given a hearing on September 12, 2016 (the following Monday). This delay was not unreasonable, and, therefore, Goode's rights were not violated.

Goode claims he was prejudiced because the District Court's delay in holding a revocation hearing ruined an opportunity for his federal and state sentences to run concurrently. This argument is also foreclosed by *U.S. ex rel. Caruso v. U.S. Bd. of Parole*, 570 F.2d 1150, 1154 (3d Cir. 1978), which clarifies that a defendant cannot claim prejudice from a delay in receiving a revocation hearing on the ground that the delay prohibited him from serving his federal and state sentences concurrently. *Id*. Furthermore, the District Court certainly could have ordered—given its considerable discretion in sentencing matters—that Goode's federal sentence for violating supervised release run retroactively concurrently with his state sentence. And, Goode's counsel in the District Court asked that this option be considered. App. 45-46. The District Court

6

specifically declined to do so. App. 49. It determined that "another prison sentence" was warranted given Goode's crime, and we will not disturb that conclusion on appeal.

Goode also maintains that he was prejudiced by the delay of his revocation hearing because he was "subjected to another arrest" and because the District Court was able to rely on his state conviction as an "aggravating factor" in sentencing him on the supervised release violation. These claims are pointless. First, Goode's argument about being subject to an additional arrest is baseless. He argues that if he had been given a timely revocation hearing, he could have been transported to federal prison directly from state prison without having to be arrested again. But, he enjoyed a few months at liberty after his state sentence was completed and before his federal sentence began. He certainly was not clamoring to go directly to federal prison to avoid re-arrest.

Goode also tells us that, given the length of delay between the revocation petition and the hearing, prejudice should be presumed. We disagree. First, and as discussed previously, the delay is not as long as Goode thinks. We put it at five days, two of which were the weekend. Second, while it is true that prejudice has been presumed in some instances involving Sixth Amendment claims, *see e.g., Doggett v. United States*, 505 U.S. 647, 655 (1992) (A]ffirmative proof of particularized prejudice is not essential to every speedy trial claim."); *Battis*, 589 F.3d at 684, no court has ever presumed prejudice from a delay in a revocation hearing. *See, e.g., Santana*, 526 F.3d at 1261 ("[W]e apply our ordinary test in supervised release revocation cases and search for actual prejudice.").

Our decision in *United States v. Heiser*, 15 F.3d 299 (3d Cir. 1994), does leave open the possibility that a situation may arise where a court may presume prejudice in a

7

post-conviction delay context, but this is not such a case. The Supreme Court has recognized that the most serious form of prejudice is that which results in the impairment of an acused's ability to lodge a defense. *Doggett*, 505 U.S. at 655-56. Here, nothing prevented Goode from raising a defense to the charges of violating supervised release, and, in fact, he pleaded guilty to those charges. This is reason enough to decline applying a presumption of prejudice. But also, Goode admitted that he violated the terms of his supervised release, which too weighs against a presumption of prejudice. And, he has not pointed to anything that could have shown that he was denied a chance for leniency on his revocation sentence.

## III.

Goode cannot show prejudice here for any delay between the petition for revocation being executed and his hearing on the matter. There is no basis on this record to vacate the District Court's order. We will affirm.

8