**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 14 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    18-10235 |
| Plaintiff-Appellee, | D.C. No. 4:09-cr-00398-SBA-4 |
| v. | |
| KEVIN MICHAEL TAYLOR, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

Submitted June 10, 2019[**]
San Francisco, California

Before:  SCHROEDER, M. SMITH, Circuit Judges, and RAYES,[***] District
Judge.

---

[*]        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]        The Honorable Douglas L. Rayes, United States District Judge for the
District of Arizona, sitting by designation.

Defendant-Appellant Kevin Michael Taylor appeals the district court's revocation of his supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

1. The district court had jurisdiction to revoke Taylor's supervised release. 18 U.S.C. §§ 3583(h)–(i); *see United States v. Wing*, 682 F.3d 861, 864–65 (9th Cir. 2012) ("In 18 U.S.C. § 3583, Congress has established a scheme where separate and distinct terms of supervised release may be imposed upon a repeat offender of supervised release conditions.").

2. Taylor's due process rights were not violated by the delay in his revocation hearing. Although a supervised releasee has a due process right to have his revocation hearing held "within a reasonable time," Fed. R. Crim P. 32.1(b)(2), "relief is not called for unless there was both unreasonable delay and prejudice," *United States v. Santana*, 526 F.3d 1257, 1260 (9th Cir. 2008). Even if we were to assume that Taylor's revocation hearing was unreasonably delayed, the delay caused no prejudice. Taylor was not in custody during this time, and he identifies no concrete way in which the delay prejudiced him or his defense.

3. Balancing Taylor's interest in confrontation against the Government's cause for denying it, the district court did not violate Taylor's due process rights by considering hearsay evidence during the revocation hearing. *See United States v. Comito*, 177 F.3d 1166, 1170 (9th Cir. 1999). Although the evidence at issue was

important to the district court's ultimate finding, the Government's interest in presenting this evidence through Taylor's probation officer, rather than divert drug testing and treatment employees from their work, sufficiently outweighed Taylor's interest in confrontation, which was lessened by the fact that he did not contest the authenticity or credibility of the evidence before the district court, and evidence like the drug treatment center's no-show reports is generally considered reliable. *See United States v. Hall*, 419 F.3d 980, 987–88 (9th Cir. 2005); *United States v. Martin*, 984 F.2d 308, 314 (9th Cir. 1993).

**AFFIRMED.**