**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-30267 |
| Plaintiff-Appellee, | D.C. Nos. 4:02-cr-00052-DLC-1 4:02-cr-00052-DLC |
| v. | |
| VICTOR CHARLES FOURSTAR, Jr., | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Submitted October 5, 2021[**]
Pasadena, California

Before: GRABER and CHRISTEN, Circuit Judges, and SEEBORG,[***] District
Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Richard Seeborg, Chief United States District Judge
for the Northern District of California, sitting by designation.

Defendant appeals the district court's judgment revoking his supervised release. We review de novo whether a defendant received due process at a revocation proceeding. *United States v. Perez*, 526 F.3d 543, 547 (9th Cir. 2008). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the facts, we do not recite them here.

1.      Fourstar argues that his due process rights were violated because he was not given a preliminary hearing before his final revocation hearing, as required by Federal Rule of Criminal Procedure 32.1(b)(1). The district court did not comply with the letter of Rule 32.1 because it failed to conduct a preliminary hearing, but Fourstar has not shown that he was prejudiced in any way by this technical omission. Shortly before the District of Montana entered a more restrictive COVID-19 response phase, Fourstar declined an initial hearing set to take place by video conference. It appears the court then set Fourstar's in-person initial appearance and in-person final revocation back-to-back on the same day to minimize COVID-19 exposure while still seeking to protect his due process rights. At the revocation hearing, Fourstar was given notice of the nature of the hearing, the opportunity to consult with counsel, and the opportunity to offer witness testimony. We therefore conclude that any error was harmless. *See Pierre v.*

2

*Washington State Bd. of Prison Terms & Paroles*, 699 F.2d 471, 472-73 (9th Cir. 1983).

2.      Fourstar also contends that his due process rights were violated because he waited 41 days between his arrest and the final revocation hearing. Once again, however, Fourstar has not shown that he suffered prejudice because of the wait, nor has he shown that the delay was unreasonable in light of the COVID-19 pandemic. *See United States v. Santana*, 526 F.3d 1257, 1260 (9th Cir. 2008) (holding that "relief is not called for unless there was both unreasonable delay and prejudice"). Thus, we conclude that any delay was harmless and Fourstar's due process rights were not violated.

**AFFIRMED.**